UNITED STATES of America and Patrick J. Finnessey, Special Agent of the Internal Revenue Service, Petitioners,

v.

Charlene A. MOON, Senior Vice-President, Prudential Savings and Loan Association and Prudential Savings and Loan Association, Respondents,

and

Dr. Paul A. Hein, Jr., Intervenor.

No. 79–287C(2).

United States District Court, E. D. Missouri, E. D.

March 23, 1979.

Anne C. Travis, St. Louis, Mo., for petitioners.

Albert E. Schoenbeck, St. Louis, Mo., for respondents.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court upon application of petitioners for enforcement of five Internal Revenue Service (hereinafter IRS) summonses previously served upon respondents, Dr. Paul A. Hein, Jr.'s motion to intervene and various discovery motions, and petitioners' motion to suspend and deny discovery.

The instant proceeding arose after respondents gave written notice to the IRS that they would not comply with the subject subpoenas duces tecum pursuant to instructions that respondents had received from the intervenor. Patrick J. Finnessey, Special Agent, Internal Revenue Service, had caused said summonses to be issued for the purpose of ascertaining the correct income tax liability of intervenor for the

years, 1976 and 1977. The respondents are banks and their employees who were summoned to give testimony and produce documents concerning Special Agent Finnessey's investigation of intervenor's tax liability.

On January 9, 1979, the United States of America and Special Agent Finnessey filed suit, pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) for judicial enforcement of the summonses issued to respondents as third-party record-keepers under 26 U.S.C. § 7609(a)(3).

On January 22, 1979, Dr. Hein filed a motion to intervene and an answer to the petition to enforce the IRS summonses. Intervenor has also served interrogatories on all individual respondents and petitioner Finnessey, and filed a notice of intent to examine witnesses. Petitioners then filed a motion to suspend and limit discovery pursuant to Rule 81(a)(3) of the Federal Rules of Civil Procedure.

Dr. Hein has filed, pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure, a motion to intervene predicated upon 26 U.S.C. § 7609(b). The motion to intervene will be granted.

The question of what spectrum of attack is allowable in resisting enforcement of an IRS summons was recently addressed by the Supreme Court in *United States v. LaSalle National Bank*, 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978):

> [T]hose opposing enforcement of a summons do bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service . . . [w]ithout doubt, this burden is a heavy one. *ibid.*

On February 20, 1979, this Court held an adversary hearing on the petition to enforce the summonses. Instead of presenting testimony relating to the existence of a valid civil tax determination, *i. e.*, whether the IRS was exercising its summons authority in good faith, *See United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); but *Cf. LaSalle National Bank, supra*, 437 U.S. at 316–318, nn. 18, 19 and 20, 98 S.Ct. 2357, or evidence indicating the IRS's recommendation of criminal prosecution to the justice department, or testimony bearing on whether the IRS had abandoned the pursuit of civil tax determination or collection, in an institutional sense in favor of criminal prosecution by the Department of Justice, *See LaSalle National Bank, supra* at 318, 98 S.Ct. 2357, intervenor presented argument to the effect that since IRS officials are unable to define the money of account of the United States which is expressed in dollars, they are, therefore, incompetent to determine intervenor's tax liability.

On the record before the Court it is undisputed that the Special Agent petitioner is conducting an investigation of intervenor's tax liability for the years, 1976 and 1977. Further, no recommendation of criminal prosecution has been made, nor are the materials sought presently in the possession of the IRS.

■ The Court finds that inquiry into the bank records sought is relevant to ascertaining intervenor's potential tax liability. Intervenor has, however, challenged the constitutionality of the IRS summonses, he contends he did not receive proper notice, and argues that the summonses issued were beyond the IRS's scope of authority. The Court finds each of intervenor's arguments wholly unpersuasive and finds no deficiencies in the issuance or substantive validity of the summonses.

■ The discovery sought by intervenor is concomitant with his arguments advanced at the hearing. Having afforded intervenor the opportunity to disprove the actual existence of a valid civil tax determination or collection purpose by the IRS and thereby allowing intervenor to attempt a preliminary showing of any claim which could be properly asserted by a respondent or intervenor in a summons enforcement proceeding, and intervenor having made no attempt to focus his objections to enforcement within the standards set forth in *LaSalle, supra*, at 318, 98 S.Ct. 2357, the Court, pursuant to Rule 81(a)(3) of the Federal Rules of Civil Procedure will grant petitioners' motion to suspend and deny discovery.

Similarly, since neither respondents nor intervenor has shown any valid reason why the IRS summonses should not be enforced, nor has the Court found any indication of bad faith or abuse under *LaSalle* or *Powell*, this Court will order compliance with the summonses.